FILED

2026 Mar-11  PM 12:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION**

|  |  |
|---|---|
| HOLLIS CLARK, <br><br> *Plaintiff*, <br><br> v. <br><br> FISH BEAR STUDIO LTD., <br><br> *Defendant*. | CIVIL ACTION NO. _____ |

**NOTICE OF REMOVAL**

Defendant Fish Bear Studio Ltd., by and through its undersigned counsel, pursuant to 9 U.S.C. § 205, as well as 28 U.S.C. §§ 1441 and 1446, hereby specially appears for the purpose of this removal and, preserving all defenses, removes this action from the Circuit Court of Franklin County, Alabama.

Pursuant to 28 U.S.C. § 1446(d), Fish Bear Studio Ltd. will file a Notice of Filing Notice of Removal with the Clerk of the Circuit Court of Franklin County, Alabama, attaching a copy of this Notice (with exhibits) and will concurrently serve the parties, through counsel, with the same.

In support of this Notice of Removal, Fish Bear Studio Ltd. states as follows:

**JURISDICTION AND VENUE**

1.    A defendant has a right of removal where an action brought in state court is one over which the district court has original jurisdiction. 28 U.S.C. § 1441.

2.    The Court has original jurisdiction over this action because the arbitration agreement is governed by federal law pursuant to 9 U.S.C. § 201, *et seq.*

1

3. Venue is proper in the Northern District of Alabama because the state court action was filed in the Circuit Court of Franklin County, Alabama, and Defendant has complied with the procedural requirements of 9 U.S.C. § 205, 28 U.S.C. § 1441 and 1446, and this Court is the district "embracing the place where the action or proceeding is pending." 9 U.S.C. § 205; *see also* 28 U.S.C. § 1441(a).

**<u>GROUNDS FOR REMOVAL</u>**

4. On January 6, 2026, Hollis Clark initiated this action against Fish Bear Studio Ltd. by filing a Complaint in the Circuit Court of Franklin County, Alabama, Case No. 33-CV-2026-900024.00 pursuant to Alabama Code § 8-1-150(b). Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders in the state-court action to date are attached hereto as **Exhibit A**.

5. Under 28 U.S.C. § 1446(a), a notice of removal need only contain a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Moreover, the Supreme Court has held that a defendant's notice of removal "need only include a plausible allegation" that the jurisdictional requirements are satisfied. *Dart Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014).

6. Removal of this case is proper under 9 U.S.C. § 205. This provision permits the Defendant to a case to remove a case any time before trial when "the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement" falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "Convention").

7. The Convention governs an arbitration agreement if: (1) it is in writing, (2) the place of the arbitration is in a country that is a signatory to the Convention, (3) the dispute

arises out of a commercial relationship, and (4) a party to the agreement is not an American citizen, or the agreement has some other reasonable relationship with one or more foreign states. 9 U.S.C. § 202; *see also Northrop & Johnson Yachts-Ships, Inc. v. Royal Van Lent Shipyard, B.V.*, 855 F. App'x 468, 472 (11th Cir. 2011).

8.    Here, the arbitration agreement is governed by the Convention.

9.    The arbitration agreement is in writing because in order to access and play games on each of Defendant's platforms, users must agree to the arbitration agreement contained in that platform's terms of service. (Declaration of Xiao Liu ("Liu Decl.") ¶¶ 11–17). *See also Chambers v. Groome Transp. Alabama*, 41 F.Supp.3d 1327, 1340 (M.D. Ala. 2014).

10.    Second, the United States is a signatory to the Convention, which is further codified at 9 U.S.C. § 201, *et seq.*

11.    This dispute is commercial in nature because it concerns purchases allegedly made on the Defendant's internet websites. *See* Compl. ¶ 13.

12.    Finally, Fish Bear Studio Ltd. is a Hong Kong limited company with its principal place of business in Hong Kong. Thus, Defendant, a party to the agreement, is not an American citizen, and this matter otherwise has a reasonable relationship to one or more foreign states. *See* 9 U.S.C. § 202.

13.    As a federal court in the Northern District of Illinois recently recognized in a case brought against a similarly situated foreign company, there is "no viable argument" that the arbitration agreement is not governed by the Convention. *Ambrosia v. Blazesoft Ltd.*, No. 25 C 1723, 2025 WL 2976477, at *3 (N.D. Ill. Oct. 21, 2025), *petition for permission to appeal granted on other grounds*, *In re Ambrosia*, No. 26-8002 (7th Cir. Feb. 26, 2026) ; se*e also Boatner v. SSPS LLC*, No. 25 Civ. 3251 (DEH), 2025 WL 3281509, at *2, (S.D.N.Y. Nov. 25,

2025), *motion to certify appeal granted on other grounds,* 2026 WL 161027 (S.D.N.Y. Jan. 21, 2026).

14.     This matter relates to an arbitration agreement governed by the Convention because the arbitration agreement "could conceivably affect the outcome of the case." *Outokumpu Stainless USA, LLC v. Converteam SAS*, 902 F.3d 1316, 1324 (11th Cir. 2018), *rev. and remanded on other grounds sub. nom. GE Energy Pwr. Conversion France SAS, Corp. v. Outokumpu Stainless USA, LLC*, 590 U.S. 432 (2020).

15.     Alabama Code § 8-1-150(a) allows a person who has "paid any money . . . lost upon any game or wager" to sue to "recover such money" within six months of payment.

16.     Alabama Code § 8-1-150(b) allows "[a]ny other person" to, within twelve months, sue to recover "the amount of such money" for the use of the losing gambler's family.

17.     Plaintiff's claim under § 8-1-150(b) is "necessarily derivative" of the claims under § 8-1-150(a) that could be brought by a player of Defendant's platforms. *Zynga, Inc. v. Mills*, No. SC-2024-0454, 2025 WL 1198744, at *6 (Ala. Apr. 25, 2025).

18.     Accordingly, Plaintiff is "standing in the legal shoes of the players and [is] bound by the arbitration provisions to the same extent as the players." *Id.* Only one of Defendants' users has opted out of the arbitration agreement. (Liu Decl. ¶ 18.) Accordingly, nearly all users are subject to a binding arbitration agreement with Fish Bear Studio Ltd. (Liu Decl. ¶¶ 11–17.)

19.     Because Plaintiff's derivative claim under § 8-1-150(b) is subject to the arbitration agreement, this action "relates to" an arbitration agreement governed by the Convention, making removal proper under 9 U.S.C. § 205.

4

## CONCLUSION

20.    Removal of this action is proper under 9 U.S.C. § 205.

21.    Defendant reserves all defenses, including but not limited to defenses based on lack of personal jurisdiction and arbitrability of the claims alleged in the Complaint and including but not limited to, all defenses available under Fed. R. Civ. P. 12(b), and the right to move to compel arbitration. *See Reynolds v. Behrman Cap. IV L.P.*, 988 F.3d 1314, 1323 (11th Cir. 2021) (citing *Freeman v. Bee Machine Co.*, 319 U.S. 448, 449–51 (1943)); *S&H Contractors, Inc. v. A.J. Taft Coal. Co.*, 907 F.2d 1507 (11th Cir. 1990); *see also Hicks v. Am. United Life Ins., Co.,* No. CV-10-S-01401, 2011 WL 13233202 at *11 (N.D. Ala. Jan. 19, 2011) (removal is insufficient to establish that defendants acted inconsistently with the right to arbitrate).

Dated: March 11, 2026                                     Respectfully submitted,

*/s/Gerald P. Gillespy*
Forrest S. Latta (LATTF0526)
Gerald P. Gillespy (GILLG3726)

**BURR & FORMAN LLP**
11 N. Water Street, Suite 22200
Mobile, AL 36602
Tel: (251) 344-5151
Fax: (251) 344-9696
Email: flatta@burr.com

420 North 20th Street
Suite 3400
Birmingham, AL 35203
Tel: (205) 251-3000
Fax: (205) 458-5100
Email: ggillespy@burr.com

*Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in the Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 11th day of March 2026.

Jeffrey L. Bowling
John A. McReynolds, IV
Evan M. Hargett
BEDFORD, ROGERS & BOWLING, P.C.
303 North Jackson Street
P.O. Box 669
Russellville, AL 35653-0669
Telephone: 256-332-2880
Jeff@rbmattorneys.com
John@rbmattorneys.com
Evan@rbmattorneys.com

John E. Norris
D. Frank Davis
Welsey W. Barnett
Dargan M. Ware
DAVIS & NORRIS LLP
Telephone: 205-930-9900
Facsimile: 205-930-9989
jnorris@davisnorris.com
fdavis@davisnorris.com
wbarnett@davisnorris.com
dware@davisnorris.com

/s/ Gerald P. Gillespy
*Counsel for Defendant*