FILED
2026 Mar-11  PM 12:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

## ALABAMA SJIS CASE DETAIL

**PREPARED FOR: JENNIFER WILSON**
**2/26/2026 1:57:10 PM**

*alacourt.com*

County: **33**    Case Number: **CV-2026-900024.00**    Court Action:
Style: **HOLLIS CLARK V. FISH BEAR STUDIO, LTD**

**Real Time**

### Case

#### Case Information

| | | | | | |
|---|---|---|---|---|---|
| County: | **33-FRANKLIN** | Case Number: | **CV-2026-900024.00** | Judge: | **BPH:BRIAN P HAMILTON** |
| Style: | **HOLLIS CLARK V. FISH BEAR STUDIO, LTD** | | | | |
| Filed: | **01/06/2026** | Case Status: | **ACTIVE** | Case Type: | **OTHER CV CASE** |
| Trial Type: | **BENCH** | Track: | | Appellate Case: | **0** |
| No of Plaintiffs: | **1** | No of Defendants: | **1** | | |

#### Damages

| | | | | | |
|---|---|---|---|---|---|
| Damage Amt: | **0.00** | Punitive Damages: | **0.00** | General Damages: | **0.00** |
| No Damages: | | Compensatory Damages: | **0.00** | | |
| Pay To: | | Payment Frequency: | | Cost Paid By: | |

#### Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action Code: | | Court Action Desc: | | Court Action Date: | |
| Num of Trial days: | **0** | Num of Liens: | **0** | Judgment For: | |
| Dispositon Date of Appeal: | | Disposition Judge: | **:** | Disposition Type: | |
| Revised Judgement Date: | | Minstral: | | Appeal Date: | |
| Date Trial Began but No Verdict (TBNV1): | | | | | |
| Date Trial Began but No Verdict (TBNV2): | | | | | |

#### Comments

Comment 1:
Comment 2:

#### Appeal Information

| | | | | | |
|---|---|---|---|---|---|
| Appeal Date: | | Appeal Case Number: | | Appeal Court: | |
| Appeal Status: | | Orgin Of Appeal: | | | |
| Appeal To: | | Appeal To Desc: | | LowerCourt Appeal Date: | |
| Disposition Date Of Appeal: | | Disposition Type Of Appeal: | | | |

#### Administrative Information

| | | | | | |
|---|---|---|---|---|---|
| Transfer to Admin Doc Date: | | Transfer Reason: | | Transfer Desc: | |
| Number of Subponeas: | | Last Update: | **01/06/2026** | Updated By: | **AJA** |

### Parties

#### Party 1 - Plaintiff INDIVIDUAL - CLARK HOLLIS

##### Party Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Party: | **C001-Plaintiff** | Name: | **CLARK HOLLIS** | | Type: | **I-INDIVIDUAL** |
| Index: | **D FISH BEAR ST** | Alt Name: | | | | |
| | | | | Hardship: | **No** | JID: | **BPH** |
| Address 1: | **303 N JACKSON AVE** | | | Phone: | **(256) 000-0000** | |

| | |
|---|---|
| Address 2: | |
| City: | **RUSSELLVILLE** |
| SSN: | **XXX-XX-X999** |

State: **AL**     Zip: **35653-0000**  Country: **US**
DOB:      Sex: **M**  Race:

## Court Action

| | | |
|---|---|---|
| Court Action: | | Court Action Date: |
| Amount of Judgement: **$0.00** | Court Action For: | Exemptions: |
| Cost Against Party: **$0.00** | Other Cost: **$0.00** | Date Satisfied: |
| Comment: | | Arrest Date: |
| Warrant Action Date: | Warrant Action Status: | Status Description: |

## Service Information

| | | |
|---|---|---|
| Issued: | Issued Type: | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: | Service Type | Service On: | Notice of No Answer: Served By: |
| Answer: | Answer Type: | Notice of No Service: | |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | BOW037 | | BOWLING JEFFREY LOWELL | JEFF@RBMATTORNEYS.COM | (256) 332-2880 |
| Attorney 2 | MCR008 | | MCREYNOLDS JOHN ANDREW IV | JOHN@RBMATTORNEYS.COM | (256) 332-2880 |
| Attorney 3 | HAR411 | | HARGETT EVAN MICHAEL | EVAN@RBMATTORNEYS.COM | (256) 332-2880 |
| Attorney 4 | DAV009 | | DAVIS DUDLEY FRANK | FDAVIS@DAVISNORRIS.COM | (205) 930-9900 |
| Attorney 5 | NOR041 | | NORRIS JOHN EDWARD | JNORRIS@DAVISNORRIS.COM | (205) 930-9900 |
| Attorney 6 | BAR141 | | BARNETT WESLEY WARRINGTON | WBARNETT@DAVISNORRIS.COM | (205) 930-9900 |

## Party 2 - Defendant BUSINESS - FISH BEAR STUDIO, LTD

### Party Information

| | | | | | |
|---|---|---|---|---|---|
| Party: | **D001-Defendant** | Name: | **FISH BEAR STUDIO, LTD** | Type: | **B-BUSINESS** |
| Index: | **C CLARK HOLLIS** | Alt Name: | | JID: | **BPH** |
| Address 1: | **UNIT 2508A 25/F BANK OF** | | Hardship: **No** | | |
| Address 2: | **AMERICA TOWER 12 HARCOURT** | Phone: | **(256) 000-0000** | | |
| City: | **ROAD CENTRAL H** | State: **AL** | Zip: **12345-0000** | Country: **US** | |
| SSN: | **XXX-XX-X999** | DOB: | Sex: | Race: | |

### Court Action

| | | |
|---|---|---|
| Court Action: | | Court Action Date: |
| Amount of Judgement: **$0.00** | Court Action For: | Exemptions: |
| Cost Against Party: **$0.00** | Other Cost: **$0.00** | Date Satisfied: |
| Comment: | | Arrest Date: |
| Warrant Action Date: | Warrant Action Status: | Status Description: |

### Service Information

| | | | |
|---|---|---|---|
| Issued: **01/06/2026** | Issued Type: **C-CERTIFIED MAIL** | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: | Service Type | Service On: | Notice of No Answer: Served By: |
| Answer: | Answer Type: | Notice of No Service: | |



### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | 000000 | | PRO SE | | |

## Financial

### Fee Sheet

| Fee Status | Admin Fee | Fee Code | Payor | Payee | Amount Due | Amount Paid | Balance | Amount Hold | Garnish Party |
|---|---|---|---|---|---|---|---|---|---|
| ACTIVE | N | AOCC - CERT- AOC | C001 | | $29.35 | $29.35 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CONV - CONV FEE | C001 | | $14.71 | $14.71 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CV05 - CV OVER $50K | C001 | | $301.00 | $301.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | VADM - VADM FEE | C001 | | $45.00 | $45.00 | $0.00 | $0.00 | 0 |
| | | | | Total: | $390.06 | $390.06 | $0.00 | $0.00 | |

### Financial History

| Transaction Date | Description | Disbursement Accoun | Transaction Batch | Receipt Number | Amount | From Party | To Party | Money Type | Admin Fee | Reason | Attorney | Operator |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01/07/2026 | RECEIPT | AOCC - CERT- AOC | 2026064 | 16662700 | $20.54 | C001 | 000 | Credit Card | N | | | MMC |
| 01/07/2026 | CREDIT | CONV - CONV FEE | 2026064 | 16662800 | $14.71 | C001 | 000 | Cash | N | | | MMC |
| 01/07/2026 | RECEIPT | CV05 - CV OVER $50K | 2026064 | 16662900 | $301.00 | C001 | 000 | Credit Card | N | | | MMC |
| 01/07/2026 | RECEIPT | VADM - VADM FEE | 2026064 | 16663000 | $45.00 | C001 | 000 | Credit Card | N | | | MMC |
| 01/20/2026 | CHGD DUE | AOCC - CERT- AOC | 2026071 | 00000000 | $29.35 | C001 | 000 | Money Order | N | | | MMC |
| 01/20/2026 | RECEIPT | AOCC - CERT- AOC | 2026071 | 16692500 | $8.81 | C001 | 000 | Check | N | | | MMC |

## Case Action Summary

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 1/6/2026 | 4:13 PM | ECOMP | COMPLAINT E-FILED. | BOW037 |
| 1/6/2026 | 4:13 PM | FILE | FILED THIS DATE: 01/06/2026    (AV01) | AJA |
| 1/6/2026 | 4:13 PM | EORD | E-ORDER FLAG SET TO "Y"    (AV01) | AJA |
| 1/6/2026 | 4:13 PM | ASSJ | ASSIGNED TO JUDGE: BRIAN P HAMILTON    (AV01) | AJA |
| 1/6/2026 | 4:13 PM | SCAN | CASE SCANNED STATUS SET TO: N    (AV01) | AJA |
| 1/6/2026 | 4:13 PM | TDMN | BENCH/NON-JURY TRIAL REQUESTED    (AV01) | AJA |
| 1/6/2026 | 4:14 PM | STAT | CASE ASSIGNED STATUS OF: ACTIVE    (AV01) | AJA |
| 1/6/2026 | 4:14 PM | ORIG | ORIGIN: INITIAL FILING    (AV01) | AJA |
| 1/6/2026 | 4:14 PM | C001 | C001 PARTY ADDED: CLARK HOLLIS    (AV02) | AJA |
| 1/6/2026 | 4:14 PM | C001 | INDIGENT FLAG SET TO: N    (AV02) | AJA |
| 1/6/2026 | 4:14 PM | C001 | LISTED AS ATTORNEY FOR C001: BOWLING JEFFREY LOWE | AJA |
| 1/6/2026 | 4:14 PM | C001 | LISTED AS ATTORNEY FOR C001: MCREYNOLDS JOHN ANDR | AJA |
| 1/6/2026 | 4:14 PM | C001 | LISTED AS ATTORNEY FOR C001: HARGETT EVAN MICHAEL | AJA |
| 1/6/2026 | 4:14 PM | C001 | LISTED AS ATTORNEY FOR C001: DAVIS DUDLEY FRANK | AJA |
| 1/6/2026 | 4:14 PM | C001 | LISTED AS ATTORNEY FOR C001: NORRIS JOHN EDWARD | AJA |
| 1/6/2026 | 4:14 PM | C001 | LISTED AS ATTORNEY FOR C001: BARNETT WESLEY WARRI | AJA |
| 1/6/2026 | 4:14 PM | C001 | C001 E-ORDER FLAG SET TO "Y"    (AV02) | AJA |
| 1/6/2026 | 4:14 PM | D001 | D001 PARTY ADDED: FISH BEAR STUDIO, LTD    (AV02) | AJA |
| 1/6/2026 | 4:14 PM | D001 | INDIGENT FLAG SET TO: N    (AV02) | AJA |
| 1/6/2026 | 4:14 PM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE    (AV02) | AJA |
| 1/6/2026 | 4:14 PM | D001 | CERTIFIED MAI ISSUED: 01/06/2026 TO D001    (AV02) | AJA |

| 1/6/2026 | 4:14 PM | D001 | D001 E-ORDER FLAG SET TO "Y" | (AV02) | AJA |
| 1/23/2026 | 8:42 AM | ESCAN | SCAN - FILED 1/21/2026 - RECEIPT | | MMC |

## Images

| Date: | Doc# | Title | Description | Pages |
|---|---|---|---|---|
| 1/6/2026 4:13:25 PM | 1 | CIVIL_COVER_SHEET | CIRCUIT COURT - CIVIL CASE | 1 |
| 1/6/2026 4:13:26 PM | 2 | COMPLAINT | | 16 |
| 1/6/2026 4:14:39 PM | 3 | COMPLAINT - TRANSMITTAL | E-NOTICE TRANSMITTALS | 2 |
| 1/6/2026 4:14:40 PM | 4 | COMPLAINT - SUMMONS | E-NOTICE TRANSMITTALS | 1 |
| 1/21/2026 12:00:05 AM | 5 | RECEIPT | | 1 |

 **END OF THE REPORT**

ELECTRONICALLY FILED
1/6/2026 4:13 PM
33-CV-2026-900024.00
CIRCUIT COURT OF
FRANKLIN COUNTY, ALABAMA
DERRICK SCOTT, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/25 | **COVER SHEET<br>CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case<br>33<br><br>Date of Filing:<br>01/06/2026   Judge Code: |
|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF FRANKLIN COUNTY, ALABAMA
### HOLLIS CLARK v. FISH BEAR STUDIO, LTD

**First Plaintiff:** ☐ Business  ☑ Individual      **First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other                              ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS  (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☑ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**    F ☑ INITIAL FILING         P ☐ APPEAL FROM PROBATE COURT

A ☐ APPEAL FROM DISTRICT COURT    O ☐ OTHER

**HAS JURY TRIAL BEEN DEMANDED?**   ☐ YES  ☑ NO    **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

BOW037          1/6/2026 4:13:24 PM          /s/ JEFFREY LOWELL BOWLING
                      Date                    Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**      ☐ YES  ☐ NO  ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**      ☐ YES  ☑ NO

ELECTRONICALLY FILED
1/6/2026 4:13 PM
33-CV-2026-900024.00
CIRCUIT COURT OF
FRANKLIN COUNTY, ALABAMA
DERRICK SCOTT, CLERK

## IN THE CIRCUIT COURT OF FRANKLIN COUNTY ALABAMA

| | | |
|---|---|---|
| **HOLLIS CLARK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:** |
| | ) | |
| **FISH BEAR STUIDO, LTD,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### COMPLAINT

1.    This case is brought pursuant to Section 8-1-150(b) of the Alabama Code, which allows *"**any other person**"* to recover money lost in gambling "for the use of the wife…children or … next of kin of the loser." Ala. Code § 8-1-150(b) (emphasis supplied). As will be explained in detail below, this suit, brought by an individual for the use of those named in the statute, is not a class action pursuant to Rule 23 of the Alabama Rules of Civil Procedure. The legislature has chosen to allow ***any person*** to bring the case, and to allow the benefit to accrue to the family of the losing gamblers, whether or not that person is a proper class representative under Rule 23. It is also not a mass action under the federal Class Action Fairness Act since it is brought by one person. This suit is what is typically called a private attorney general action. Plaintiff does not seek to recover for the family members of any gambler who lost $75,000 or more during the limitations period.

2.    Defendant is a game developer that makes available online games and applications through a website or websites, that are games of chance, and thus illegal gambling, under Alabama law. Such games violate Alabama law if a patron pays money for the chance to win anything of value. As will be explained below, Defendant's games allow players to win both actual money, and free or extended playing time, which is a thing of value under Alabama Law. Ala. Code § 13A-12-20(11).

## INTRODUCTION

3.    In the last fifteen years, slot machine makers have found a lucrative new way of doing business. In the past, slot machine venues were limited to casinos and other businesses that attract gamblers to come into an establishment and gamble money on slots and other gambling schemes. Now, companies such as Defendant have leveraged the power of modern smartphones, tablets, and computers to smuggle illegal slot machines into the homes and workplaces of Americans, where gamblers can satisfy their gambling addiction 24 hours a day, 365 days a year, without having to leave their homes or places of work. These new slot machine applications, misleadingly referred to as "social casino games," are nothing more than slot machines that can be carried in one's purse or pocket. Those addicted to slot machines no longer have to travel to a casino. Now they can gamble real money

2

from home, work, restaurants, the grocery store, while on vacation, and anywhere else where the gambler's device can receive signal.

4.    Some of the "social casino" slot machines available on the internet do not afford gamblers the opportunity to earn real money, instead allowing them to gamble only "virtual coins." Defendant's website, however, is among a growing number of "sweeps casinos" that allow users to play not only with "gold coins" that are pure virtual currency not redeemable for real money, but also with "sweeps coins" that can be redeemed for cash. In Alabama, both of these forms of gambling are illegal, because the law holds that the opportunity to win additional playing time is a "thing of value" such that gambling for more playing time is illegal gambling even though the gambler never has the opportunity to win his or her money back. Ala. Code 13A-12-20(11) (defining a "thing of value" to include "extension of a service entertainment or a privilege of playing at a game or scheme without charge.")

5.    The social ills caused by "social casino" and "sweeps casino" games, even those that do not allow users to win real money, are well-documented.. One nurse in Houston is reported to play a slot machine game similar to defendant's here for    a    minimum    of    two    hours    a    day.    (Ex.    1, https://www.nbcnews.com/tech/technews/addicted-losing-how-casino-apps-have-drained-people-millions-n1239604 (last accessed on September 7, 2023)). Between her and her husband, who plays the game with her, she estimates they have lost

3

$150,000. She asked NBC News to withhold her name "so her family does not find out how much money they have spent on the game." (Id.). She said her and her husband "lie in bed next to each other, we have two tablets, two phones and a computer and all these apps spinning Reel Rivals at the same time. We normalize it with each other." (Id.). This is not an isolated instance.

> NBC News spoke to 21 people, including Shellz [the Houston nurse] and her husband, who said they were hooked on the casino-style games and spent significant sums of money. They described feelings of helplessness and wanting to quit but found themselves addicted to the games and tempted by the company's aggressive marketing tactics.
>
> Most of the 21 players wished to remain anonymous, as they were ashamed of their addictions and did not want their loved ones to find out about their behavior.

(Id.). For example, a "42-year-old Pennsylvania woman said she felt saddened that she spent $40,000 [on a social casino app that competes with defendant's] while working as an addiction counselor. 'The whole time I was working as an addiction counselor, I was addicted to gambling and with no hope of winning any money back,' she said."

6.     Such problems are only exacerbated by "sweeps casinos," where users have access to real money gambling twenty-four hours a day, seven days a week. Anecdotal reports of gambling addictions in connection with social casino and sweeps casino games like defendant's are buttressed by recent scientific studies that confirm that such apps appeal to gambling addicts in much the same way as real Las

4

Vegas-style casinos, and have a particular appeal to teenagers. One of the more troubling statistics comes from studies that show that 30% of users of these games between the ages of 12 and 18 later become regular gamblers. Hollingshead, et al., "Motives for playing social casino games and the transition from gaming to gambling (or vice versa): social casino game play as harm reduction?" 46 Journal of Gambling Issues 43 (2021). More broadly, over half of social casino and sweeps casino players reported gambling on a regular basis. (Id.). Because of this overlap, traditional gambling operators are now heavily invested in defendant's industry as a way to port players from online gambling games to real casinos. (Id.). One study showed that an astonishing 58.3 percent of gamblers seeking treatment for gambling addiction "reported social casino games as being their first introduction to gambling activities." Kim, "Social Casino Games: Current Evidence and Future Directions," Gambling Research Exchange Ontario.

## PARTIES, JURISDICTION, AND VENUE

7.    Plaintiff, Hollis Clark, is an adult resident citizen of the State of Alabama and is the spouse of Sarah Clark who played Defendant's illegal gambling games while being physically present/located in Franklin County, Alabama.

8.    Defendant Fish Bear Studio, Ltd is a business entity organized under the laws of Hong Kong, with its primary place of business in Hong Kong. Defendant does business through online gambling games in all counties in Alabama, including

5

Franklin County, Alabama. Defendant has no physical place of business in the state of Alabama.

## FACTUAL BACKGROUND

9.     Defendant is a game developer that has created games that simulate slot machines and other gambling games. Defendant makes these games available to the public on the internet.

10.    Defendant's games operate with two forms of virtual coins. The first are called gold coins, and are available for purchase, as well as being given to players when they first sign up and at certain intervals. Gold coins cannot be redeemed for real-world currency. However, when users play with gold coins and win, this extends their playing time without having to purchase more coins.

11.    The other virtual coins used by Defendant's website are called Sweeps Coins. Defendant maintains that Sweeps Coins cannot be purchased, but when players purchase packages of gold coins, they are given as a "free bonus" a set number of Sweeps Coins. Sweeps Coins can be redeemed for real-world currency. Thus, when customers play with them, they are gambling real money, whether the Defendant describes it this way or not.

12.    Defendant's games are games of chance. Defendant makes available online games in a variety of formats through its website or websites. This website

6

offers a wide variety of slot machine-style games, as well as blackjack, baccarat, and roulette. Here is an example of the games on the website:

13.     Plaintiff, Hollis Clark, is married to Sarah Clark, who spent money to play Defendant's gambling games within the twelve months preceding the filing of this complaint while being physically present/located in Franklin County, Alabama.

## ALABAMA'S GAMBLING LAWS

14.     "[T]he public policy of this State, as recorded in the Constitution, is that illegal gambling is harmful." Alabama v. Epic Tech, L.L.C., 323 So.3d 572, 582 (Ala. 2020). Indeed, as stated by our Supreme Court as long ago as 1888 and as recently as 2020, Alabama's judiciary has long recognized the Legislature's condemnation of the societal harm of illegal gambling:

> This construction is in full harmony with the policy of the constitution and laws of Alabama prohibitory of the vicious system of lottery schemes and the evil practice of gaming, in all their protean shapes, tending, as centuries of human experience now fully attest, to mendicancy and idleness on the one hand, and moral profligacy and debauchery on the other. No state has more steadfastly emphasized its disapprobation of all these gambling devices of money-making by resort to schemes of chance than Alabama. For more than 40 years past -- we may say, from the organization of the state, with some few years of experimental leniency -- the voice of the legislature has been loud and earnest in its condemnation of these immoral practices, now deemed so enervating to the public morals.

State v. Epic Tech, LLC, 323 So. 3d 572, 582 (Ala. 2020) (quoting Johnson v. State, 83 Ala. 65, 3 So. 790, 791 (1888)).

7

15. Alabama's public policy against gambling, as embodied in the Alabama Constitution, is so strong that its Legislature cannot permit a game of chance involving some skill unless skill is the dominant factor, not chance. Opinion of Justices, 795 So. 2d 630 (Ala. 2001) (referencing Section 65 of the Alabama Constitution).

16. The Alabama criminal laws pertaining to gambling are codified at Sections 13A-12-20 through 13A-12-92 of the Code of Alabama, 1975. Section 13A-12-22(a) states "[a] person commits the crime of promoting gambling if he knowingly advances or profits from unlawful gambling activity otherwise than as a player." Section 13A-12-23 adds: "A person commits the crime of conspiracy to promote gambling if he conspires to advance, or profit from gambling activity, otherwise than as a player."

17. The statute also defines gambling itself. "A person engages in gambling if he stakes or risks something of value upon the outcome of a contest of chance or a future contingent event not under his control or influence, upon an agreement or understanding that he or someone else will receive something of value in the event of a certain outcome." Ala. Code § 13A-12-20(4) (1975).

18. As noted above, players of defendants' games pay real money to purchase coins, which they then wager in the hopes of winning more coins so that they can continue to play without making additional purchases. They make this

wager on the outcome of the spin of a slot machine or the results of other gambling games.

19. Under Alabama law, "something of value" specifically includes "extension of a service entertainment or a privilege of playing at a game or scheme without charge." Ala. Code § 13A-12-20(11). As a matter of law, paying money to get "coins" that one bets hoping to win more coins so as to gain the "privilege of playing at a game or scheme without charge" is gambling a thing of value in Alabama.

20. Alabama law also defines the term "contest of chance" to include "{a]ny contest, game, gaming scheme or gaming device in which the outcome depends in a material degree upon an element of chance, notwithstanding that skill of the contestants may also be a factor therein." Ala. Code § 13A-12-20(3). Defendant's gambling games are contests of chance under Alabama law.

21. As noted above, Alabama law provides a statutory civil cause of action to recover money paid and lost due to gambling. Ala. Code § 8-1-150. This statute makes it clear that "[a]ll contracts founded in whole or in part on a gambling consideration are void." Ala. Code § 8-1-150(a); see also Macon County Greyhound Park, Inc. v. Hoffman, 226 So. 3d 152, 169 (Ala. 2016) ("To suggest that a court should enforce any provision in a contract that is based on illegal gambling and that is void as a matter of law... is unconscionable.").

9

22.    Defendant's games are governed by Terms and Conditions that are found on each of its websites. These terms are contracts founed on a gambling consideration and are thus void.

23.    Alabama law also provides the cause of action presented in this case. Subsection (b) of the same statute provides:

> (b) *Any other person* may also recover the amount of such money, thing, or its value by an action commenced within 12 months after the payment or delivery thereof for the use of the wife or, if no wife, the children or, if no children, the next of kin of the loser.

Ala. Code § 8-1-150(b) (emphasis supplied). Plaintiff, Hollis Clark, is such an "other person" with respect to every Alabama citizen who paid money to Defendant to play gambling games within the past 12 months and suffered a net loss on any of its websites. The Alabama Legislature, therefore, has explicitly authorized her to bring this action to return that money to the families of the Alabamians who lost it. Plaintiff does not seek to recover the losses of any Alabama citizen who lost $75,000 or more during the statute of limitations period.

24.    While there is a dearth of Alabama caselaw interpreting the plain language of Section 8-1-150(b), authority from other states with similarly-worded statutes make it plain that such provisions should be enforced according to their unambiguous meaning. A notable recent example is Commonwealth ex rel. Brown v. Stars Interactive Holdings (IOM), Ltd., 617 S.W. 3d 792 (Ky. 2020), where the Supreme Court of Kentucky was faced with a similar gambling recovery statute

10

authorizing "any other person" to sue and recover for gambling losses incurred by Kentucky citizens. In that case, the state of Kentucky sued the offshore operator of an online gambling site called PokerStars. The state sought recovery of all losses by Kentucky citizens, invoking a statute very similar to Alabama's authorizing "any other person" to recover gambling losses. The defendant argued that the state was not a "person" within the meaning of the statute. The supreme court rejected that argument and reinstated the state's judgment against the defendant, reasoning that the word "any" in the phrase "any other person" "means one indiscriminately of whatever kind or class; one, no matter what one and is an indefinite pronominal adjective used to designate objects in a general way without pointing out any one in particular. By using the phrase 'any other person,' the General Assembly plainly expressed that it meant to confer standing on *all* the kinds and classes of persons . . . *without exception*." Id. at 799 (internal quotations and citations omitted; emphasis supplied). Using this definition, plaintiff unquestionably has standing to represent the family of gamblers who lost money playing Defendant's games.

## THIS CASE IS NOT SUBJECT TO FEDERAL COURT JURISDICTION

25.    This action is not a class action. The legislature authorized "any person" to bring the suit, not just a person who could meet the requirements of Rule 23.

26.    The Alabama Supreme Court has held that when a statute authorizes "any person" to bring an action, it means what it says. See Bates v. Crane, 157 So.

11

3d 171, 174-75 (Ala. 2014) (interpreting statute that allowed any person to bring complaint before police board).

27.    Instead of a class action under Rule 23, this case is what is typically called a "private attorney general action." See Smith v. Southeastern Financial Corp., 337 So. 2d. 330 (Ala. 1976) ("The Civil Worthless Check Act by using the word 'unlawful' and allowing a civil action to be maintained regardless of whether a criminal action has been instituted promotes the private Attorney General concept."). In such an action, the state or other governmental unit authorizes an individual to act on its behalf and enforce the statute in a private action to enforce a public interest. See, e.g., National Consumers League v. Flowers Bakeries, LLC, 36 F. Supp. 3d 26, 32-33 (D.D.C. 2014). In the Flowers Bakeries case, the plaintiff brought the case, as authorized by a District of Columbia statute, on behalf of purchasers of particular types of bread, who would recover if it prevailed in the case. Id. at 29. Likewise, Mr. Clark brings this case as a private attorney general for the benefit of the family of Alabamians who have lost money to Defendant in illegal gambling, pursuant to Section 8-1-150, which explicitly authorizes this type of suit. Mr. Clark does not seek to recover for the family members of any Alabamian who lost $75,000 or more during the limitations period.

28.    The United States Supreme Court has held that actions by an attorney general, no matter how many people may benefit from them, are not "mass actions"

12

or "class actions" under the Class Action Fairness Act, and so cannot be removed to federal court. Mississippi ex rel. Hood v. AU Optronics Corp., 571 U.S. 161, 176 (2014). In Hood, the defendants argued that a case like this one was a mass action under CAFA because, even though there was a single plaintiff, 100 or more persons would benefit from a recovery in the action. Id. at 169. The Supreme Court, in a unanimous decision, rejected this argument, stating that the 100 or more persons mentioned in CAFA "are not unspecified individuals who have no actual participation in the suit, but instead the very 'plaintiffs' referred to later in the sentence—the parties who are proposing to join their claims in a single trial." Id. The Supreme Court stated: "CAFA's '100 or more persons' phrase does not encompass unnamed persons who are real parties in interest to claims brought by named plaintiffs." Id. Likewise, the federal circuit courts of appeals that have considered the issue have unanimously held that an attorney general or private attorney general action not invoking Rule 23 or a state law counterpart is similarly not a class action with the meaning of CAFA. Canela v. Costco Wholesale Corp., 071 F. 3d 845, 851 (9th Cir. 2020); Mississippi ex rel. Hood v. AU Optronics Corp., 701 F.3d 796, 799 (5th Cir. 2012), rev'd on other grounds, 571 U.S. 161. Because a suit by the Attorney General, like a private attorney general action, has only one plaintiff, and is not brought under Rule 23 or any state law equivalent, it is not removable under CAFA. Id. at 176. The same is true in the case at bar.

13

29.    Since Hood was decided in 2014, multiple federal courts have relied upon it to hold that private attorney general suits are likewise not covered by CAFA, and thus not removable unless the claims of the named plaintiff exceed $75,000 dollars in controversy. See, e.g., National Consumers League v. Flowers Bakeries, LLC, 36 F. Supp. 3d 26, 32-33 (D.D.C. 2014); Canela v. Costco Wholesale Corp., 971 F.3d 845, 853 (9th Cir. 2020). This case should likewise be heard in state court. The federal courts thus lack jurisdiction because the amount-in-controversy requirement for the named plaintiff cannot be met. For avoidance of doubt, plaintiff does not seek to recover for anyone who lost $75,000 or more during the statute of limitations period.

30.    The federal courts do not have jurisdiction over this civil action because the plaintiff does not allege that she seeks to recover for any person an amount of $75,000 or more, exclusive of interest and costs. Therefore, diversity jurisdiction does not exist because of the lack of the requisite amount in controversy. In related cases, the Northern District of Alabama determined that no federal jurisdiction existed, and the Eleventh Circuit denied other gambling companies' petition to appeal. See, e.g., Mills v. Playtika, Ltd., 2025 WL 44266 (N.D. Ala. 2025).

## CLAIM FOR RELIEF

31.    Pursuant to Section 8-1-150(b) of the Alabama Code, Plaintiff, Hollis Clark, seeks recovery of all sums paid by Alabama residents to Defendant in its

14

online gambling games during the period beginning one year before the filing of this complaint until this case is resolved, except that she does not seek recovery of any money lost by an Alabama resident who lost $75,000 or more during the statute of limitations period.

32.    Plaintiff seeks this recovery to go to the benefit of the families of the gamblers who paid the money, as required by Section 8-1-150(b).

## PRAYER FOR RELIEF

Plaintiff respectfully prays that this court:

1) take jurisdiction of this cause;

2) following discovery, enter a final judgment against Defedant awarding to the family and next of kin of all gamblers that made payments from Alabama all money paid to play the illegal gambling games described herein, except for amounts paid by gamblers who lost $75,000 or more during the statute of limitations period;

3) appoint a special master to determine all proper recipients of the money at issue;

4) award interest and costs; and

5) award any other relief to which the Court finds plaintiff and the family members are entitled.

15

/s/  Jeffrey L. Bowling
Jeffrey L. Bowling
One of the Attorneys for Plaintiff

**COUNSEL:**
Jeffrey L. Bowling
John A. McReynolds, IV
Evan M. Hargett
BEDFORD, ROGERS & BOWLING, P.C.
303 North Jackson Street
P.O. Box 669
Russellville, AL 35653-0669
Telephone: 256.332.2880
Jeff@rbmattorneys.com
john@rbmattorneys.com
Evan@rbmattorneys.com

John E. Norris
D. Frank Davis
Wesley W. Barnett
Dargan M. Ware
DAVIS & NORRIS, LLP
Telephone: 205.930.9900
Facsimile: 205.930.9989
jnorris@davisnorris.com
fdavis@davisnorris.com
wbarnett@davisnorris.com
dware@davisnorris.com

Plaintiff hereby requests that service by made by way of Certified mail Return
Receipt Requested to be issued by the Clerk of Court to the following:

**Fish Bear Studio, LTD.**
Unit 2508A 25/F
Bank of America Tower
12 Harcourt Road Central
HONG KONG

16



AlaFile E-Notice

33-CV-2026-900024.00

To:   JEFFREY LOWELL BOWLING
      jeff@rbmattorneys.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF FRANKLIN COUNTY, ALABAMA

HOLLIS CLARK V. FISH BEAR STUDIO, LTD
33-CV-2026-900024.00

The following complaint was FILED on 1/6/2026 4:13:28 PM

Notice Date:      1/6/2026 4:13:28 PM

DERRICK SCOTT
CIRCUIT COURT CLERK
FRANKLIN COUNTY, ALABAMA
P. O. BOX 160
RUSSELLVILLE, AL, 35653

256-332-8861



AlaFile E-Notice

33-CV-2026-900024.00

To:  FISH BEAR STUDIO, LTD
     UNIT 2508A 25/F BANK OF
     AMERICA TOWER 12 HARCOURT
     ROAD CENTRAL HONG KONG, AL, 12345

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF FRANKLIN COUNTY, ALABAMA

HOLLIS CLARK V. FISH BEAR STUDIO, LTD
33-CV-2026-900024.00

The following complaint was FILED on 1/6/2026 4:13:28 PM

Notice Date:      1/6/2026 4:13:28 PM

DERRICK SCOTT
CIRCUIT COURT CLERK
FRANKLIN COUNTY, ALABAMA
P. O. BOX 160
RUSSELLVILLE, AL, 35653

256-332-8861

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2024 | SUMMONS<br>- CIVIL - | Court Case Number<br>33-CV-2026-900024.00 |
| --- | --- | --- |

## IN THE CIRCUIT COURT OF FRANKLIN COUNTY, ALABAMA COUNTY, ALABAMA
## HOLLIS CLARK V. FISH BEAR STUDIO, LTD

**NOTICE TO:** FISH BEAR STUDIO, LTD, UNIT 2508A 25/F BANK OF AMERICA TOWER 12 HARCOURT, ROAD CENTRAL HONG KONG, AL 12345

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JEFFREY LOWELL BOWLING                                                                                              ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: POST OFFICE BOX 669, RUSSELLVILLE, AL 35653                                  .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of HOLLIS CLARK
pursuant to the Alabama Rules of the Civil Procedure.                                              *[Name(s)]*

| 01/06/2026 | /s/ DERRICK SCOTT | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.       /s/ JEFFREY LOWELL BOWLING

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on                                              .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to

_____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*       *(Name of County)*                              *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was returned- Not Found

☐ I certify that service of process of this Summons and the Complaint or other document was refused by

_____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*       *(Name of County)*                              *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)*       *(Server's Signature)*       *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)*    *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)*    *(Telephone Number of Designated Process Server)*

RE 278 072 028 US

**Date Stamp**

To Be Completed By Post Office

| | | |
|---|---|---|
| Reg. Fee | $9.35 | |
| Handling Charge | | Return Receipt |
| Postage | | Restricted Delivery |
| Received by | | |

Customer Must Declare Full Value $

Domestic Insurance up to $25,000 is included based upon the **declared value**. International Indemnity is limited. (See Reverse.)

CV-06-900074

To Be Completed By Customer (Please Print) All Entries Must Be in Ballpoint or Typed

**FROM**
Franklin Co. Circuit Clerk
P.O. Box 160
Russellville, AL 35653

**TO**
Fish Bear Studio, LTD
Unit 2508A 25/F, Bank of America Tower
12 Harcourt Road Central
Heng Kong

PS Form **3806**, **Receipt for Registered Mail**      *Copy 1 - Customer*
May 2007 (7530-02-000-9051)                    *(See Information on Reverse)*
For domestic delivery information, visit our website at *www.usps.com* ®